# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

LAURA A. WESSELIUS,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

Case No. 2:16-cv-00171-TLF

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO 28 U.S.C. § 2412

This matter is before the Court on Plaintiff's filing of a motion for attorney fees and expenses pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Dkt. 32. Plaintiff seeks a total of $8,479.63 in attorney for 42.4 hours of work performed by Plaintiff's counsel (an amount that includes $310.00 in paralegal fees), and $6.19 in expenses. Dkts. 32-3, 37. The Court finds that for the reasons set forth below Plaintiff's motion should be granted, and the amount of attorney fees requested should not be reduced by 20% as argued by the Commissioner.

The plaintiff filed a motion for EAJA attorney fees and expenses after the Court reversed the Commissioner's denial of her application for supplemental security income benefits and remanded the matter for further administrative proceedings. Dkt. 28. In response to that motion, the Commissioner argued Plaintiff's attorney fees request should be reduced by 20%, because the number of hours Plaintiff's counsel expended on the Opening Brief was unreasonable. Dkt. 36. As explained below, the Court does not agree that a reduction in fees is warranted.

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 1

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. *Comm'r, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).[1] The plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. *Id.* The plaintiff is a prevailing party given that as discussed above, this case was remanded for further administrative proceedings. In addition, the Commissioner does not argue there are any special circumstances making an award of attorney's fees unjust. Rather, as just noted, the Commissioner asserts the amount of attorney fees plaintiff has requested is unreasonable.

---

[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." *Id.*, 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." *Id.* "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *see also Akopyan*, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.").

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 2

Before granting attorney fees under the EAJA, the Court must determine whether those fees are "reasonable." *Jean*, 496 U.S. at 161; 28 U.S.C. § 2412(d)(1)(A). The test used to determine what fees are reasonable was set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which dealt with recovery of attorney fees under 42 U.S.C. § 1988. That test "also is applicable to awards of fees under the EAJA." *Sorenson v. Mink*, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001) (citing *Jean*, 496 U.S. at 161 (once private litigant has met eligibility requirements for EAJA fees, court's task of determining what fee is reasonable is essentially same as that described in *Hensley*)); *see also Haworth v. State of Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995) (case law construing what is "reasonable" fee applies uniformly to all federal fee-shifting statutes) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641 (1992)).

In determining "the amount of a reasonable fee," the "most useful starting point" for the Court "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* "Where the documentation of hours is inadequate," the Court "may reduce the award accordingly." *Id.* Further, the Court "should exclude from this initial fee calculation hours that were not 'reasonably expended,'" and "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

The Commissioner objects to Plaintiff's fee request and alleges that a 20% reduction in the amount of attorney fees should be imposed, because Plaintiff's attorney spent "an unreasonable amount of time drafting summaries of the medical evidence and testimony unrelated to any argument about alleged errors in the ALJ's decision." Dkt. 36, p. 2. Yet, the administrative record in this case was more than 2000 pages, and the case had a rather lengthy

procedural history. In light of the effort and organizational skill required to thoroughly review the record and analyze the legal issues, as well as writing a fully formed brief, the Court is convinced that the number of hours spent by plaintiff's counsel was reasonable. *See generally, Corona v. Colvin,* Case No 3:15-cv-05629 JRC, 2016 WL 7440848 at *4 (W.D. Wash. 2016) (rejecting a request by the Commissioner to reduce the plaintiff's attorney fee award and noting that it is not the Court's responsibility to substitute its own business acumen for that of the plaintiff's attorney (as opposed to the Court's decision applying the legal standard of review concerning reasonableness, which is, of course, the Court's legitimate role) and denying fees under a Court-imposed theory about the best way to manage a law firm).

Plaintiff is correct that "[b]y and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he [or she] was required to spend on the case." Dkt. 37, pp. 5-6, quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). And as Plaintiff further notes, this Court objectively considers attorney fee applications on a case-by-case basis and will not second-guess the winning attorney's appellate strategy decisions. *See* Dkt. 37 at pp. 3-4 (citing *Niemi v. Colvin*, Case No. 3:15-cv-05658-KLS, 2016 WL 6084939 (W.D. Wash. 2016)). Here, the Commissioner has not presented sufficient reasons to overcome the deference that a reviewing court should allow to an appellate lawyer's reasonable judgment about how to allocate time and effort in a specific case, and the time-allocation decisions that are inherent when a lawyer conducts the business of law – a deference approved and recognized by the Ninth Circuit's opinion in *Moreno*.

Accordingly, the Court hereby Orders as follows:

(1)     Plaintiff is granted attorney fees in the amount of $8,479.63[2] and expenses in the

---

[2] This includes an additional 1.9 hours Plaintiff's counsel spent on work related to the attorney fees motion and reply brief. *See* Dkt. 37, p. 6; *Jean*, 496 U.S. at 161-62 (stating that "absent unreasonably dilatory conduct by the

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 4

1                      amount of $6.19.

(2) Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of this award shall be sent to Plaintiff's attorney Eitan Kassel Yanich at his address: Law Office of Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

(3) After the Court issues this Order, defendant will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program. Defendant agrees to contact the Department of Treasury after this Order is entered to determine whether the EAJA attorney fees and expenses are subject to any offset. If the EAJA attorney fees and expenses are not subject to any offset, those fees and expenses will be paid directly to Plaintiff's attorney, either by direct deposit or by check payable to him and mailed to his address.

Dated this 17th day of August, 2017.

*/s/ Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

---

prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action," and that "the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole") (citing *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989) (stating where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded").

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 5